UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLENN J. SCHIAFFINO,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 14-1878 |
| CANNON COCHRAN MANAGEMENT<br>SERVICES, INC.,<br>    Defendant | SECTION: "E" (5) |

## ORDER

Before the Court is a Motion to Dismiss filed by Defendant Cannon Cochran Management Services, Inc. ("CCMSI").[1] According to the Complaint,[2] Plaintiff Glenn J. Schiaffino was employed by CCMSI as a Claims Consultant from August 2007 to March 24, 2014, when he claims he resigned because of unreasonable working conditions. Plaintiff filed suit against CCMSI after receiving his notice of right to sue from the EEOC. Plaintiff brings claims for supervisory sexual harassment, supervisory retaliatory harassment, constructive discharge, and a state law claim for unpaid last wages.

CCMSI responded with a motion to dismiss pursuant to Rule 12(b)(6) seeking to dismiss Plaintiff's claims arising under Title VII of the Civil Rights Act and to subsequently dismiss the state law claim for lack of jurisdiction.[3] CCMSI claims that even if the allegations in Plaintiff's Complaint are true, his claims for sexual harassment, retaliation, and constructive discharge should be dismissed because they fail to state a claim.

Plaintiff has opposed the motion to dismiss.[4] The opposition contains several factual allegations absent from the original Complaint. The opposition states: "[I]f the

---

[1] R. Doc. 3.
[2] R. Doc. 1.
[3] R. Doc. 3.
[4] R. Doc. 9.

court be inclined to dismiss, it is respectfully requested to note that at one or more footnotes, plaintiff states how the complaint might be amended such that the court should grant leave to amend."[5]

The Court construes the new allegations in Plaintiff's opposition as a motion to file an amended complaint.[6] Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[7] A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[8] No such reason exists in this case. There is no scheduling order, and the record does not reflect that any discovery has taken place. Moreover, even if CCMSI's motion were granted, the Court would allow Plaintiff to amend his complaint.

Accordingly;

**IT IS ORDERED** that CCMSI's Motion to Dismiss is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint by April 20, 2015. Plaintiff may include any factual allegations substantiating his claims against CCMSI.

---

[5] *Id.* at p. 1.
[6] *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15.") (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).
[7] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).
[8] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp.*, LP, 427 F.3d 987, 994 (5th Cir. 2005).

**New Orleans, Louisiana, this  2nd  day of April, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**